FILED
03 DEC 18 PM 3:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

MUELLER COMPANY, )
)
Plaintiff, )
)
v. ) Civil Action No.: 03-PT-2683
)
MAMIE STONE, JERRY NELSON,)
BRUCE PARRIS and NOLAN WHITE, )
)
Defendants. )

ENTERED
DEC 18 2003

## MEMORANDUM OPINION

This cause comes to be heard upon defendants Mamie Stone's ("Stone"), Jerry Nelson's (" Nelson"), Bruce Parris's ("Parris"), and Nolan White's ("White") Motion for Summary Judgment, filed on October 30, 2003.

## FACTS[1] AND PROCEDURAL HISTORY

Defendants are all former employees of Mueller Company ("Mueller"),[2] who suffered injuries from on-the-job accidents. After these accidents occurred, each defendant filed a claim for benefits under the Alabama Worker's Compensation Act. Each defendant's worker's compensation claim settled,[3] and each defendant received compensation as a result. Mueller has no future obligations to defendants for workers' compensation benefits other than, perhaps, medical expenses.

Based upon the same injuries, Stone, Nelson, Parris, and White also filed claims for disability benefits under Mueller's disability plan ("the Plan"), which is provided to all employees and funded by the company. Mueller approved each defendant's disability claim, and

22

until recently, each defendant received a monthly benefit check calculated in accordance with the Plan.

In or about March 2003, Mueller terminated payment of disability benefits to each of the four defendants, providing them with written termination notices. According to Mueller, some of the defendants do not have enough potential future disability benefits from Mueller to completely offset those benefits against prior worker's compensation payments and thus will receive no more disability benefits. Mueller asserts that other defendants may have their disability benefits re-started when the worker's compensation offset has been satisfied.

On September 11, 2003, Mueller filed a complaint for declaratory judgment against the defendants in the Circuit Court of Marshall County, Alabama, asserting a justiciable controversy as to the validity of Mueller's claim with respect to disability benefits. In the complaint, Mueller requested that the circuit court "enter an Order declaring the rights and obligations of the parties as to any further disability benefits." On September 18, 2003, defendants filed a counterclaim, alleging that they were owed ERISA-protected disability pension benefits as well as attorneys' fees. On September 30, 2003, defendants filed a notice of removal to this court.

On November 12, 2003, Mueller filed a motion for leave to amend its complaint to clarify that "Mueller claims the refund of monies improperly paid as well as termination of future benefits," which the court granted on November 17, 2003.[4] On November 24, 2003, defendants filed a motion to strike all claims by Mueller for the return of benefits, contending that such claims are not authorized under ERISA.[5] On December 1, 2003, defendants filed a pleading entitled "Affirmative Defenses."[6]

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted based upon facts developed through pleadings, discovery, and supplemental affidavits, etc., if together, they show that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of explaining the basis of his motion. *Celotex*, 477 U.S. at 323. "It is never enough [for the movant] simply to state that the non-moving party could not meet their burden at trial." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000) (quotation omitted). The non-moving party then bears the burden of pointing to specific facts demonstrating that there is a genuine issue of fact for trial. *Celotex*, 477 U.S. at 324. The non-moving party "must either point to evidence in the record or present additional evidence ' sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.'" *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994) (quotation omitted). Summary judgment is required where the non-moving party merely repeats its conclusory allegations, unsupported by evidence showing an issue for trial. *Comer v. City of Palm Bay*, 265 F.3d 1186, 1192 (11th Cir. 2001) (citation omitted).

Summary judgment will not be granted until a reasonable time has been allowed for discovery. *Comer*, 265 F.3d at 1192. Moreover, "[w]hen deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Korman v. HBC Florida, Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999). Finally, the trial court must resolve all reasonable doubts in favor of the non-moving party, although it need not resolve all doubts in a similar fashion. *Earley v.*

*Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

## ARGUMENTS

### I. Defendants' Motion

As a matter of law, defendants contend, Mueller is not entitled to offset their pension benefits based on their previous workers' compensation settlements. Defendants assert that their disability benefits are protected by ERISA. According to defendants, Mueller is not entitled to rely upon Alabama Code § 25-5-57(c)(1), which provides:

> *Setoff for other recovery.* – In calculating the amount of workers' compensation due:
>
> (1) The employer may reduce or accept an assignment from an employee of of the amount of benefits paid pursuant to a disability plan, retirement plan, or other plan providing for sick pay by the amount of compensation paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted. (Emphasis added).

Defendants argue that § 25-5-57(c)(1) provides for a setoff in calculating worker's compensation benefits which are due to be paid but does not include a setoff of due/owed pension benefits based on worker's compensation benefits which have already been paid.

Defendants rely upon *Ex Parte Dunlop Tire Corp.*, 706 So. 2d 729, 730-31 (Ala. 1997):

> We recognize that § 25-5-57(c)(1) actually states that "[t]he employer may reduce . . . the amount of benefits paid pursuant to a disability plan . . . by the amount of compensation paid." **However, it is clear that the legislature intended to say that the employer may reduce the amount of worker's compensation by the amount of disability benefits paid pursuant to a plan provided or paid for by the employer. Section 25-5-57(c) pertains to "calculating the amount of worker's compensation due." The end of § 25-5-57(c)(1) refers to "the plan or plans providing the benefits deducted;" this phrase, in context, can mean only that the amount of benefits paid under employer-provided disability or retirement plans is to be deducted from workers' compensation benefits that would otherwise be payable.** § 25-5-57(c)(2) provides for the forfeiture of "all [workers'] compensation paid for any period to which is attributed any award of back pay." Section 25 -5-57(c)(3) provides for a setoff against workers' compensation for any salary paid "during the benefit period." **Thus, all three of these provisions are clearly intended to provide for reduction of workers' compensation benefits by a setoff of the amount of the specified other payments to the employee.**

> **The fact that § 25-5-57(c)(1) literally states that it provides for a reduction of disability or retirement plan benefits is a self-correcting error of drafting,** probably caused by the awkward attempt to provide in the same sentence for the employer to "accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan." We read § 25-5-57(c)(1), therefore, as **allowing an employer to reduce the amount of worker's compensation benefits due** by the amount of benefits paid or payable under a qualifying disability, retirement or sick pay plan. (Emphasis added).

Furthermore, defendants conclude, even if the statute allowed a "reverse setoff" as alleged by Mueller, the state law would preempted by ERISA.

## II. Plaintiff's Response

Mueller notes two bases for defendants' motion: the statutory terms and ERISA preemption.[7]

The language of Alabama Code § 25-5-57(c)(1), Mueller asserts, clearly allows retirement disability benefits to be set off against previously paid worker's compensation benefits. Mueller further argues:

> Interestingly, defendants have underlined in their brief the language in the statute which demonstrates that their argument is incorrect. The statute provides that an employer 'may reduce . . . the amount of benefits paid pursuant to a disability plan . . . by the amount of compensation paid.' In plain English, the statute states that Mueller may do precisely what it has done in this case, i.e., reduce the disability benefits which would otherwise be owed by the amount of worker's compensation previously paid.

Like defendants, Mueller relies upon *Ex Parte Dunlop Tire Company*, 706 So. 2d 729, 731 (Ala. 1997). According to Mueller, *Dunlop* allowed a reverse set-off, "i.e., reduction of worker's compensation benefits by the amount of disability benefits previously paid for the same injury," while the statute literally provides only for reduction of disability benefits. Furthermore, Mueller argues, the Alabama Supreme Court did not hold that § 25-5-57(c)(1) did not mean what

it says but that the worker's compensation set-off was allowable despite apparent language to the contrary.[8] Mueller observes that every Alabama Supreme Court case addressing § 25-5-57(c)(1) has involved an employer's attempt to set off worker's compensation against disability benefits previously paid, so there is no Alabama Supreme Court precedent on the exact issue before this court.

Mueller then argues: "It makes no sense for the set off to take effect based on which benefits were paid first." Mueller relies upon a statement from *Ex Parte Taylor*, 728 So. 2d 635, 637 (Ala. 1998): "It is clear from § 1 of Act 92-537 that the legislature's intent behind the amendment of the Workers' Compensation Act was to prevent 'double recovery,' such as payments from a disability plan or sick plan that a worker might receive as a result of an injury in addition to workers' compensation benefits."[9] According to Mueller, if the Alabama Legislature intended to prevent a double recovery, such intent would be furthered by allowing an employer to set off either its worker's compensation or disability plan obligations against previously paid benefits, regardless of which is paid first.[10]

Turning to ERISA preemption,[11] Mueller asserts, Alabama Code § 25-5-57(c)(1) falls within an ERISA exception/savings clause for state laws governing plans maintained solely for the purpose of complying with applicable worker's compensation laws. *See* 29 U.S.C. 1003(b)(3).[12] Mueller bases this contention on its previous argument, i.e, that § 25-5-57(c)(1) was intended to prevent a double recovery by worker's compensation claimants.

Next, Mueller discusses *Alessi v. Raybestos - Manhattan, Inc.*, 451 U.S. 504 (1981) – a case it contends involved a New Jersey statute "diametrically opposed" to § 25-5-57(c)(1). The

statute at issue in *Alessi* provided that disability plan benefits could not as a matter of New Jersey law be set off against worker's compensation benefits under any circumstances. The Supreme Court noted: "As we recently reiterated, '[p]reemption of state law by federal statute or regulation is not favored in the absence of persuasive reasons – either that the nature of the regulated subject matter permits no other conclusion, or that the Congress has unmistakably so ordained.'" Citing Congress's express approval for "integration"[13] in ERISA, the Court found that the New Jersey statute was preempted as "relating" to pension plans "because it eliminates one method for calculating pension benefits – integration - that is permitted by federal law."

Unlike the New Jersey statute in *Alessi*, Mueller argues, Alabama Code § 25-5-57(c)(1) does not prohibit integration but rather expressly provides for this method of coordinating pension benefits. Additionally, Mueller repeats, the purpose and effect of the Alabama statute is to reduce worker's compensation benefits because of pension benefits based on the same injury, regardless of which payments are made first or which ones are subsequently set off. Thus, Mueller argues, § 25-5-57(c)(1) should not be found preempted by ERISA.

Even assuming that ERISA preemption applies and prohibits reduction of disability benefits, Mueller contends, its actions were proper. According to Mueller, application of § 25-5-57(c)(1) to situations in which worker's compensation benefits are reduced by previously paid disability benefits would not be ERISA-preempted. Under those facts, Mueller argues, the Alabama statute operates only on the level of worker's compensation benefits, which have been reserved to the states. *See Richardson v. Lahood & Assocs., Inc.*, 571 So. 2d 1082 (Ala. 1990).[14] Once disability benefits have been paid, Mueller contends, it is then entitled to recover previously paid worker's compensation benefits which now constitute an overpayment.

Mueller concludes:
Although it seems largely a matter of semantics, in this case Mueller can be seen to be either (a) directly reducing disability plan benefits, or (b) paying the disability plan benefits in full and then immediately recovering them as a worker's compensation overpayment. When viewed in the second manner, Mueller's actions apply only to worker's compensation benefits not governed by ERISA.

**III. Defendants' Reply**

Defendants again contend that Alabama Code § 25-5-57(c)(1) does not allow for reduction of vested pension benefits, again based upon *Ex Parte Dunlop Tire Co.*.[15] According to defendants, *Dunlop* did not expand the statute's meaning to allow offset of worker's compensation benefits and pension benefits. Instead, defendants argue, the Alabama Supreme Court held that the Alabama Legislature intended to provide for reduction of worker's compensation benefits. Defendants contend that the state legislature has no authority to change or alter a pension benefit protected by ERISA. § 25-5-57(c), defendants argue, only affects worker's compensation payments and clearly addresses only the amount of worker's compensation benefits due. According to defendant, the heading of the statute shows its purpose: "(c) Set off for other recovery. <u>In calculating the amount of worker's compensation due:</u>". Defendants accuse Mueller of trying to "gain from the clerical mistake in the language of the statute."

Even if the state legislature had passed a statute allowing reduction of vested pension benefits based on a worker's compensation settlement, defendants argue, the law would be preempted by ERISA. *See* 29 U.S.C. § 1144(c); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991). ERISA' s purpose is to protect and secure pension benefits, defendants assert. As such, pension plans can

only be amended in writing, and vested pension benefits cannot be altered.

Moreover, defendants argue, 29 U.S.C. 1003(b)(3) (relied upon by Mueller) does not except Alabama Code § 25-5-57(c) from ERISA preemption. 29 U.S.C. 1003(b)(3) reads: " 1003. Coverage. (b) The provisions of this subchapter shall not apply to any employee benefit plan if . . . (c) Such plan is maintained solely for the purpose of complying with applicable workmen's compensation laws or unemployment compensation or disability insurance laws." In this case, defendant contends, the Mueller Plan is not a plan solely maintained for the purpose of complying with any such laws.

Finally, defendants argue, Mueller's settlements of defendants' workers' compensation claims preclude recovery. At the time those settlements were reached, defendants assert, the settling employees' entitlements to disability benefits were "no secret." Although at the time Mueller could have reduced the settlements based upon Ala. Code § 25-5-57(c)(1), defendants assert, Mueller instead agreed on worker's compensation settlements in all four cases. Defendants conclude: "If Mueller failed to take advantage of 25-5-57(c)(1) at that time, it is Mueller's loss, not the loss of Defendants. A missed opportunity for offset does not give Mueller the right to sue Defendants based on a mistake of Mueller."

## IV. Mueller's Reply[16]

First, Mueller contends, defendants have raised matters not properly before the court, i.e., defendants' "Affirmative Defenses" filed on December 1, 2003. According to Mueller, this pleading "appears to be an attempt to amend their Answer to assert certain affirmative defenses for the first time." Mueller argues such an out-of-time attempt without the court's leave is prohibited by Rule 15 of the Federal Rules of Civil Procedure.[17] Mueller further argues: "

Defendants have thus failed to properly raise any issues concerning estoppel either in their Answer or in their Motion for Summary Judgment. Similarly, Defendants' Motion to Strike is really another attempt to amend their Answer without leave of Court and may not be considered at this time."

According to Mueller, defendants' estoppel argument, while mentioned in the section of their reply brief entitled "Settlement of Worker's Compensation Claim Precludes Recovery," did not appear in the summary judgment motion itself. Additionally, plaintiff asserts, "even if an Amended Complaint is allowed at some later date, defendants' arguments necessarily raise material issues of fact as to Mueller's alleged 'knowledge' and the circumstances surrounding the worker's compensation settlements. Summary judgment on this ground would never be appropriate."

Turning to Alabama Code § 25-5-57(c) as construed by the Alabama Supreme Court in *Dunlop*, Mueller argues: "the *Dunlop* case *did* expand the meaning of the statute to allow reduction of worker's compensation benefits by previously paid disability benefits, which was the issue presented in that case. As the Alabama Supreme Court expressly noted and as Mueller pointed out in its initial Brief, the plain language of the statute *already* provided for reduction of disability benefits by previously paid worker's compensation benefits . . . . [T]here is nothing in the *Dunlop* case holding that the statute does not mean what it says." Mueller invokes the alleged "plain and unambiguous meaning of the statute, which has not been interpreted with respect to this situation by any of the Alabama courts."

Finally, Mueller criticizes defendants' preemption arguments, deeming them perfunctory and based on inapposite case law. However, contrary to its earlier argument that 29 U.S.C.

1003(b)(3) exception applies to the case, Mueller now concedes that its plan is not covered by that exception. Mueller concludes:

> However, Defendants do not even attempt to address Mueller's argument that under applicable Supreme Court precedent the Alabama statute which promotes integration of benefits is not preempted by ERISA. Defendants have also failed to address the argument in Mueller's initial Brief that it is entitled to either withhold benefits or to issue them and then immediately recover them as a worker's compensation overpayment under the express holding of the *Dunlop* case. Defendants apparently have no reply on these issues. The anti-alienation provisions of ERISA do not prohibit set offs asserted by the employer as opposed to third-party creditors. *Coar v. Kazimir*, 990 F.2d 1413 (3rd Cir. 1993).[18]

**CONCLUSIONS OF THE COURT**

In a recorded phone conference on December 15, 2003, the parties both acknowledged:

(1) There are no disputed facts;

(2) The ERISA Plan itself does not contain any provision which allows for a deduction of any workers' compensation amounts from the disability payments;

(3) Alabama Code § 25-5-57(c)(1), which is wholly relied upon by the plaintiff, is not well- written;

(4) *Ex Parte Dunlop Tire Corp*, 706 So. 2d 729 (Ala. 1997) is the closest an Alabama case comes to interpreting the statute;

(5) There are no controlling federal cases which directly bear on the ERISA preemption issue;

(6) Before this action was filed, all pertinent workers' compensation benefits had been paid without any reduction of the type now argued for by the plaintiff.

The parties also acknowledge that this court does not have an easy task. This court does, however, have a fairly firm belief with regard to the issues. The court concludes that the cited

statute does not, by its terms, allow for reduction of the disability payments as such. The court bases this conclusion on, at least, the following:

(1) The statute itself begins with: "In calculating the amount of workers' compensation due:." It does not say, "In calculating the amount of disability benefits:." The confusion in the statute appears to arise from the fact that the second use of the term "compensation" in the statute was intended to be "benefits." If the statute were to read – "Setoff for other recovery. In calculating the amount of workers' compensation due: (1) The employer may reduce or accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan, retirement plan, or other plan providing for sick pay by the amount of benefits paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted" – it might make more sense. Maybe not. A further attempt at deciphering the statute is to note that the second reference to "compensation" may be to only "sick pay" "compensation." The latter is probably what was intended.

In any event this court is further bound by the interpretation of the Supreme Court of Alabama in *Dunlop Tire*. This court cannot ignore the above-quoted language from *Dunlop Tire*; more specifically, that language which is emphasized.

In the alternative, the court concludes that the statute, even as interpreted by the plaintiff, is preempted by ERISA. This is for one or more reasons, including:

(1) The vagueness of the statute is such as to not allow it to override the ERISA obligations created by the Plan;

(2) The statute conflicts with the language of the Plan. Contrary to plaintiff's suggestion that *Alessi* is inapposite, this court feels that the following language in *Alessi* is particularly

pertinent:

> In *Nachman*, we observed that Congress through ERISA wanted to ensure that "if a worker has been promised a defined pension benefit upon retirement – and if he has fulfilled whatever conditions are required to obtain a vested benefit – . . . he actually receives it." *Id.*, at 375.

*Id.* at 510 (footnote omitted).

> . . . .
>
> Retirees rely on this sweeping assurance that pension rights become nonforfeitable in claiming that offsetting those benefits with workers' compensation awards violates ERISA. Retirees argue first that no vested benefits may be forfeited except as expressly provided in § 1053. Second, retirees assert that offsets based on workers' compensation fall into none of those express exceptions. Both claims are correct; § 1053(a) prohibits forfeitures of vested rights except as expressly provided in § 1053(a)(3), and the challenged workers' compensation offsets are not among those permitted in that section.
>
> Despite this facial accuracy, retirees' argument overlooks a threshold issue: what defines the content of the benefit that, once vested, cannot be forfeited? **ERISA leaves this question largely to the private parties creating the plan. That the private parties, not the Government, control the level of benefits is clear from the statutory language defining non-forfeitable rights as well as from other portions of ERISA**.

*Id.* at 511 (footnote omitted)(emphasis added).

Thus, the Supreme court makes plain that the issue is left to what the parties have agreed to.

*Alessi* contains other language which suggests that the Alabama statute relied upon by plaintiff is preempted. This includes:

> Whatever the purpose or purposes of the New Jersey statute, we conclude that it "relate[s] to pension plans" governed by ERISA because it eliminates one method for calculating pension benefits – integration – that is permitted by federal law. ERISA permits integration of pension funds with other public income maintenance monies for the purpose of calculating benefits, and the IRS interpretation approves integration with the exact funds addressed by the New Jersey workers' compensation law. **New Jersey's effort to ban pension benefit offsets based on workers' compensation applies directly to this calculation technique. We need not determine the outer bounds of ERISA's**

> **pre-emptive language to find this New Jersey provision an impermissible intrusion on the federal regulatory scheme**.
>
> **It is of no moment that New Jersey intrudes indirectly, through a workers' compensation law, rather than directly, through a statute called "pension regulation." ERISA makes clear that even indirect state action bearing on private pensions may encroach upon the area of exclusive federal concern**. For the purposes of the pre-emption provision, ERISA defines the term "State" to include: "A State, any political subdivision thereof, or any agency or instrumentality of either, which purports to regulate, *directly or indirectly*, the terms and conditions of employee benefit plans covered by this subchapter." 29 U.S.C. § 1144(c)(2) (emphasis added). **ERISA's authors clearly meant to preclude the States from avoiding through form the substance of the pre-emption provision**.

*Id.* at 524-25 (footnote omitted)(emphasis added).

Both as to *Dunlop Tire* and *Alessi*, the plaintiff would have this court ignore the general language of the opinions because the facts are not exactly the same. This court finds controlling language in both cases. The general tenor of *Alessi* suggests that the Alabama statute is preempted.[19] The specific language of *Dunlop Tire* is contrary to plaintiff's argument.

**Summary**

The court concludes that Alabama Code § 25-5-57(c)(1) does not authorize the remedy which the plaintiff seeks. The court further concludes that, in any event, said Alabama Code section is preempted by ERISA. The court does not reach the estoppel issue. Defendants will submit a proposed final judgment within seven days. Plaintiff will have seven days to object as to form. The parties will attempt to reach an accord as to form before defendants make said submission.

This 17th of December, 2003.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

1 As Mueller notes, the facts appear undisputed. Defendants appear to have moved for summary judgment solely on legal questions in the case.

2 Mueller operates a facility in Albertville, Alabama.

3 Affidavits indicate that defendants' worker's compensation claims settled in the following years: Stone (1993); Nelson (1996); Parris (1993); and White (2000).

4 The amended complaint adds the following paragraph:

> Under the provisions of § 25-5-57(1) of the *Alabama Code*, Mueller is entitled to terminate any future disability benefits and to recover any previously paid disability benefits until the total of disability benefits withheld or repaid equals the amount of worker's compensation benefits received by each defendant. Alternatively, Mueller is entitled to recover previously paid workers' compensation benefits to the extent that disability benefits have been paid for the same injury.

*See* Amend. Compl., ¶ 7.

5 Asserting that ERISA preempts Mueller's claim for a refund of benefits previously paid, defendants rely upon *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987)(state law claims preempted) and *Brown v. Connecticut Gen. Life Ins.*, 934 F.2d 1193, 1196 (11th Cir. 1991)(finding claims under state law for benefits under an ERISA plan are converted to federal claims through ERISA "super preemption"). Defendants conclude: "Plaintiff's claim for judgment against Defendants is not allowed under ERISA. ERISA provides limited causes of actions. Plaintiff's claims are not converted into ERISA claims. Instead, they are precluded under ERISA."

6 In that pleading, defendants asserted: "(1) All of Plaintiff's claims are barred by ERISA preemption 29 USC § 1001 et seq.; and (2) Plaintiff's claims are barred by estoppel in that Plaintiff voluntarily settled the worker's compensation claims with Defendant with knowledge of available offsets under Alabama laws. The settlement of the worker's compensation claims estopped Plaintiff from raising the present claims."

7 Mueller briefly addresses the preemption issue but argues: "[A] complete response is impossible until defendants' argument is presented. To put it mildly, ERISA preemption issues are complex and Mueller is entitled to know the precise nature of defendants' contention before a full response is required." On November 17, 2003, this court granted Mueller's request for leave to file an additional brief on the ERISA issue after defendants' final submission. Mueller filed an additional brief on December 3, 2003.

8 Mueller further asserts: "There is no indication in *Ex parte Dunlop* or in any other Supreme Court case construing this statute that the statute may not be applied as written as well as in reverse."

9 The court notes that the 1992 legislative amendments to the Worker's Compensation Act are codified in § 25-5-57.

10 Therefore, Mueller argues: "Construing the statute to allow Mueller to set off its disability plan obligations as it has done here is proper under the literal language of the statute, best effectuates the purpose of the legislature as explicated by the Alabama Supreme Court and is not contravened by any of the prior cases construing this provision."

11 Mueller repeats that it needs more information from the defendants in order to respond fully.

12 It does not appear to this court that § 1003(b)(3) has any application. *See* "solely" and complying."

13 According to Mueller, "integration" as the term is used in *Alessi* refers to a calculation practice whereby benefits levels are determined by combining pension funds with other income streams available to the retired employees.

14 *Richardson*, the court observes, examined the preemptive effect of ERISA on Ala. Code § 25-5-86(b), the

anti-alienation section of the Alabama Workmen's Compensation Act. According to the *Richardson* court, this section "prohibits the injunction of the disbursement of the worker's compensation award." The Alabama Supreme Court held that the Alabama statutory provision was not preempted by ERISA as applied to the facts of that case.

The court notes that in *Richardson*, the plan itself provided for workers' compensation reductions. In general, *Richardson* supports this court's conclusion both as to statutory interpretation and application and as to the preemption issue because § 25-5-57(c)(1), like § 25-5-86(b), pertains to workers' compensation not disability plans. If § 25-5-57(c)(1) is applied as Mueller advocates, it would affect disability benefits.

[15] Defendants construe the Alabama Supreme Court's statements in *Dunlop* as "correction of a grammatical error."

[16] As noted previously, this court gave plaintiff leave to file an additional brief on the subject of ERISA preemption.

[17] Mueller observes that defendants' answer was served on September 10, 2003.

[18] *Coar's* facts, the court observes, appear distinguishable from the instant case. *Coar* involved a former trustee and current participant of a pension fund, who was convicted of engaging in a RICO conspiracy to receive kickbacks in exchange for channeling money from the pension fund's assets to a mortgage company. After a district court judgment determining Coar's liability in the fund's civil case, the fund trustees advised Coar that they planned to set off his liability against his vested pension benefits. In an action to declare his rights to the withheld benefits, Coar alleged that the pension fund's set off violated the non-forfeiture and anti-alienation provisions of ERISA. While the district court agreed with Coar's anti-alienation argument, the Third Circuit reversed and remanded for entry of judgment in favor of the fund.

[19] This court has not quoted all its pertinent provisions.